UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHALICIA ANDERSON,

                               Plaintiff,

    -against-

CITY OF NEW YORK, individually and in their official capacities as New York City Police Officers, MALCOLM LIU, LA-RONDA KNOX, ANWAR BASHIRU, ALBERT OTERO and JOHN or JANE DOE 1-10,

                               Defendants.
------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

ECF CASE
Docket No. 19-cv-7113

Plaintiff, SHALICIA ANDERSON, by her attorneys, Sim & DePaola, LLP, for her complaint against the above Defendants, City of New York, individually and in their official capacities, Malcolm Liu, La-Ronda Knox, Anwar Bashiru, Albert Otero and John or Jane Doe 1-10, alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1983 and 1988 for the violations of her civil rights protected by Constitution of the United States and the Constitution and laws of the State of New York.

2. The following claims arise from a May 15, 2018 incident, in which defendants, acting under color of state law, unlawfully arrested and detained Ms. Shalicia Anderson. Ms. Anderson was subsequently charged with Assault in the Second Degree and Resisting Arrest. As a result, Ms. Anderson was deprived of her liberty and suffered severe physical and psychological injuries. She was wrongfully detained for approximately four (4) days. She was maliciously

prosecuted, until the dismissal of all charges on June 21, 2018 before the Hon. Judge Clynes of the New York County Supreme Court.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

6. Venue is laid within the Southern District of New York in that Defendant, City of New York, is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff, Shalicia Anderson ("Ms. Anderson"), resides at 840 Columbus Avenue, County and State of New York.

8. The Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York City Police Department ("NYPD") and the New York City Human Resources Administration ("HRA") was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD and HRA matters and was responsible for the hiring, appointment, training, supervision, discipline,

retention and conduct of all NYPD and HRA personnel, including sergeants, lieutenants, police officers, detectives, peace officers, security guards, and supervisory officers or officials, including the individually named defendants herein.

10.     In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD and HRA, and for ensuring that the NYPD and HRA personnel comply with laws of the United States and the State of New York.

11.     Defendant, Malcolm Liu ("Liu"), was, at all times here relevant, a police officer employed by the NYPD and, as such, was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Liu was, at the times relevant herein, a police officer, under Shield No. 8825 and Tax Reg. No. 932906, assigned to the NYPD's 32nd Precinct, located at 250 W 135th St, New York, New York 10030.  Defendant Liu is being sued in his individual and official capacities.

12.     Defendant, La-Ronda Knox ("Knox"), was, at all times here relevant, a sergeant or peace officer employed by the HRA or NYPD and, as such, was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Knox was, at the times relevant herein, a sergeant or peace officer, under Shield No. 461, assigned to the HRA, located at 4055 10th Ave, New York, New York 10034.  Defendant Knox is being sued in her individual and official capacities.

13.     Defendant, Anwar Bashiru ("Bashiru"), was, at all times here relevant, a peace officer employed by the HRA or NYPD and, as such, was acting in the capacity of an agent, servant and employee of the City of New York.  Defendant Bashiru was, at the times relevant herein, a peace officer, under Shield No. 1862, assigned to the HRA, located at 4055 10th Ave, New York, New York 10034.  Defendant Bashiru is being sued in his individual and official capacities.

14. Defendant, Albert Otero ("Otero"), was, at all times here relevant, a security guard or peace officer employed by the HRA or NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Otero was, at the times relevant herein, a security guard or peace officer assigned to the HRA, located at 4055 10th Ave, New York, New York 10034. Defendant Otero is being sued in his individual and official capacities.

15. At all times relevant herein, Defendants John or Jane Doe 1 through 10 were police officers, peace officers, detectives, security guards, civilian employees, supervisors, policymakers or officials employed by the HRA, NYPD or City. At this time, Plaintiff does not know the true names and/or tax registry numbers of Defendants John or Jane Doe 1 through 10, as such knowledge is within the exclusive possession of defendants.

16. At all times relevant herein, Defendants John or Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York, the NYPD or HRA. Defendants John or Jane Doe 1 through 10 are being sued in their individual and official capacities.

17. At all times here mentioned, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

18. Within 90 days of accrual dates for these claims, Plaintiff timely filed a written notice of claim with the New York City Office of the Comptroller.

19. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

20. Plaintiff has complied with municipal defendant's request for an oral examination pursuant to Section 50-H of the New York General Municipal Law.

21.     This action has been commenced within one year and ninety days from the relevant accrual dates.

22.     Plaintiff has complied with all conditions precedent required for the commencement of the instant action.

## FACTUAL CHARGES

23.     On May 15, 2018, at approximately 1:20 p.m., Ms. Anderson was inside the HRA office, located at 4055 10th Ave, County, City and State of New York.

24.     On said date, time and location Ms. Anderson was being interviewed by an HRA employee to complete the annual recertification of her family's social benefits.

25.     At the conclusion of the interview, said HRA employee directed Ms. Anderson to keep her personal documents, due the HRA employee's unfamiliarity with the office's document scan procedures.

26.     As Ms. Anderson was holding the documents in her hands, another HRA employee inexplicably snatched the documents from Ms. Anderson's grasp without consent.

27.     As Ms. Anderson needed to pick up her children from school at 2:00 p.m., it was imperative that her documents be returned as soon as possible.

28.     Ms. Anderson informed various HRA employees of her time constraints but was told only to continue waiting.

29.     While Ms. Anderson was waiting, six (6) HRA officers or security guards, including Defendants Knox, Bashiru, and Otero approached Ms. Anderson.

30.     Defendants, including Knox, Bashiru, and Otero, gave Ms. Anderson her documents and demanded that she leave the premises.

31. As Ms. Anderson was walking towards the building's exit, Defendant Knox approached Ms. Anderson and proceeded to yell profanity laced insults towards Ms. Anderson.

32. Ms. Anderson was committing no crimes or violations of the law.

33. Defendant Knox then grabbed Ms. Anderson, choking her from the neck with her feet dangling from the ground without any probable cause or justification.

34. Defendants, including Knox, Otero and Bashiru, then slammed Ms. Anderson down on the ground.

35. Defendants, including Knox, Otero and Bashiru, then rear handcuffed Ms. Anderson about her wrists in an excessively tight fashion.

36. Defendant Knox then proceeded to grab Ms. Anderson's hair and banged her head on the floor, while yelling "bitch lay down."

37. Defendants, including Knox, Otero and Bashiru, then dragged Ms. Anderson to a room.

38. On the way to said room Defendant Otero choked Ms. Anderson, which caused her to vomit.

39. While in said room Defendant Knox punched Ms. Anderson in the left side of her face over ten (10) times without any legal reason to do so.

40. The aforementioned physical attacks to Ms. Anderson's person caused to her suffer substantial physical and emotional pain and injuries.

41. Forty (40) minutes later, Defendants, including Liu, arrived and re-handcuffed Ms. Anderson without probable cause or justification.

42. Defendants, including Liu, refused to view the Human Resources Administration office surveillance video, despite it being readily accessible to them and able to conclusively prove Ms. Anderson's innocence.

43. Defendants, including Liu, failed to conduct even a cursory investigation before placing Ms. Anderson under arrest.

44. Defendants, including Liu, never observed Ms. Anderson commit any crimes or violations of the law.

45. Defendants, including Liu, illegally searched Ms. Anderson's person without probable cause or justification, with no contraband being recovered.

46. Defendants, including Liu, transported Ms. Anderson to the 34th precinct.

47. Defendants, including Liu, then transported Ms. Anderson to Manhattan Central Booking for crimes she did not commit.

48. Ms. Anderson did not commit any crimes or violations of the law.

49. Upon arrival at Manhattan Central Booking, Ms. Anderson requested medical attention and she was taken to Bellevue Hospital for treatment.

50. As a result of Defendants' use of excessive force, Ms. Anderson sustained a fracture to her right wrist and other severe injuries all about her body, including, but not limited to, her head, lip, face and back.

51. After being released from the hospital, Ms. Anderson was taken back to Manhattan Central Booking, where she was illegally fingerprinted and photographed.

52. Defendants, including Knox, Bashiru, Otero, Liu, falsely alleged that Ms. Anderson committed Assault in the Second Degree and Resisting Arrest, when they knew such claims to be untrue and complete fabrications.

53. As a result of Defendants, including Knox, Bashiru, Otero, Liu's knowingly and intentionally false statements and allegations, Ms. Anderson was falsely arrested under arrest number M18627164.

54. Defendant Liu was Ms. Anderson's arresting officer and signed Ms. Anderson's criminal court complaint.

55. Defendant Liu falsely arrested Plaintiff, claiming that she committed Assault in the Second Degree and Resisting Arrest.

56. Ms. Anderson was subjected to an illegal search by Defendant Liu or the direction of Defendant Liu.

57. While Plaintiff was unlawfully detained, Defendants, including Knox, Bashiru, Otero, Liu, acting with malice, conveyed the aforementioned false, misleading and incomplete information to prosecutors in order to have Plaintiff prosecuted for Assault in the Second Degree and other related charges.

58. Ms. Anderson was arraigned and formally charged with Assault in the Second Degree and Resisting Arrest.

59. After her arraignment, Ms. Anderson was incarcerated on Rikers Island.

60. Plaintiff was incarcerated for approximately four (4) days until she was released on or about May 18, 2018.

61. Defendants, including Knox, Bashiru, Otero, Liu, never observed Ms. Anderson commit the crimes of Assault or Resisting Arrest.

62. Defendants, including Knox, Bashiru, Otero, Liu, grossly deviated from proper procedures, suppressed evidence and engaged in conduct undertaken in bad faith, including, but not limited to, fabricating false accounts that Ms. Anderson committed assault and resisting arrest and failing to view or obtain the video surveillance exonerating Ms. Anderson.

63. Defendant Liu committed perjury by knowingly offering false statements contained within the Ms. Anderson's criminal court complaint as true and signing and attesting to the truth of allegations he knew to be false.

64. Defendants have displayed a pattern and practice of falsely arresting individuals who committing no crimes or violations of the law, such as Ms. Anderson.

65. During all of the events described, the defendants, including Knox, Bashiru, Otero, Liu, acted maliciously and with intent to injure Plaintiff.

66. Defendants, including Knox, Bashiru, Otero, Liu, were fully aware that there was no probable cause to believe a prosecution would succeed against Ms. Anderson, because they knew that Ms. Anderson never committed the crimes of assault or resisting arrest and that she was an innocent woman.

67. At all times relevant hereto, defendants, including Knox, Bashiru, Otero, Liu, were involved in the decision to arrest Plaintiff without probable cause or failed to intervene when they observed others arresting Plaintiff without probable cause.

68. The criminal prosecution against Ms. Anderson terminated in her favor when all charges against her were dismissed and sealed on June 21, 2018, after a motion by the District Attorney for New York County.

69. Upon information and belief, the NYPD, HRA, the City, and their respective policy and decision makers and supervisors have imposed or acquiesced to policies or customs within the NYPD or HRA that resulted in Plaintiff's arrest without probable cause.

70. Upon information and belief, the NYPD, HRA, the City, and their respective policy and decision makers and supervisors have failed to provide adequate training in the identification of probable cause or reasonable suspicion.

71. The instant arrest of Plaintiff without the presence of probable cause was so egregious as to amount to the deliberate indifference by the policy and decision makers within the NYPD, HRA and City of New York, because the need for enhanced training and supervision is obvious due to the clear lack of any probable cause to arrest and prosecute Plaintiff.

72. Upon information and belief, further details and factual allegations will become available after discovery is completed, as the current policies and customs of the NYPD, HRA and City of New York are within the exclusive knowledge of Defendants.

73. Upon information and belief, the personnel files and records of the individual officers or other City employees involved in Plaintiff's arrest will reveal a history of Constitutional violations that will indicate that Defendant City knew, or should have known that the individual officers were unfit for employment as NYPD or HRA police officers, peace officers, security guards or other employees, and would be likely to commit Constitutional violations similar to the violations that were committed against Ms. Andseron.

74. As a direct and proximate result of the acts of Defendants, including, Knox, Bashiru, Otero, Liu, Plaintiff suffered the following injuries and damages: violations of her rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violations of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

### FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

75. The above paragraphs are here incorporated by reference as though fully set forth.

76. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

77. Plaintiff was conscious of her confinement.

78. Plaintiff did not consent to her confinement.

79. Plaintiff's arrest and false imprisonment was not otherwise privileged.

80. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

81. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

82. The above paragraphs are here incorporated by reference as though fully set forth.

83. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

84. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

85. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

86. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Assault and Battery Under
New York State Law

87. The above paragraphs are here incorporated by reference as though fully set forth.

88. Defendants made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

89. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered her without his consent.

90. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

91. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

92. The above paragraphs are here incorporated by reference as though fully set forth.

93. The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

94. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered her without his consent.

95. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

96. The above paragraphs are here incorporated by reference as though fully set forth.

97. Defendants initiated the prosecution against Plaintiff.

98. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

99. Defendants acted with malice.

100. The prosecution was terminated in Plaintiff's favor when the criminal charges were dismissed and sealed by motion of the District Attorney for New York County.

101. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

102. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

103. The above paragraphs are here incorporated by reference as though fully set forth.

104. Defendants initiated the prosecution against Plaintiff.

105. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

106. Defendants acted with malice.

107. The prosecution was terminated in Plaintiff's favor, when all charges were dismissed and sealed.

108. Accordingly, Defendants violated Plaintiff's Fourth Amendment rights.

109. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

110. The above paragraphs are here incorporated by reference as though fully set forth.

111. Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

112. Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

113. Defendants intended to inflict substantial harm upon Plaintiff.

114. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

115. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

116. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**EIGHTH CAUSE OF ACTION**
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

117. The above paragraphs are here incorporated by reference as though fully set forth.

118. Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

119. Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

120. Defendants intended to inflict substantial harm upon Plaintiff.

121. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

122.   Defendants' actions deprived Plaintiff of her right to free from illegal searches and seizures, as well as his right not to be deprived of her liberty without due process of law.

123.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
New York State Law

124.   The above paragraphs are here incorporated by reference as though fully set forth.

125.   The conduct of Defendants was extreme and outrageous.

126.   Defendants' extreme and outrageous conduct was perpetrated with the intent to cause, or with disregard to a substantial probability of causing, severe emotional distress to Plaintiff.

127.   Defendants' extreme and outrageous conduct is causally related to Plaintiff's injuries.

128.   Defendants' extreme and outrageous conduct caused Plaintiff to sustain extreme emotional distress.

129.   Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

130.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

131.   The above paragraphs are here incorporated by reference as though fully set forth.

132.   Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

133.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

134.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

135.    The above paragraphs are here incorporated by reference as though fully set forth.

136.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

137.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

138.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Negligent Hiring, Training, Retention and Supervision Under
New York State Law

139.    The above paragraphs are here incorporated by reference as though fully set forth.

140.    Defendant City owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee defendants.

141.    Defendant City breached that duty of care.

142.    Defendant City placed defendants in a position where they could inflict foreseeable harm.

143. Defendant City knew or should have known of its employee defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

144. Defendant City failed to take reasonable measures in hiring, training, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

145. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRTEENTH CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

146. The above paragraphs are here incorporated by reference as though fully set forth.

147. Defendant City maintained a policy, custom or practice that caused Plaintiff to be deprived of her Constitutional rights to free from illegal searches and seizures.

148. Defendant City's illegal practice is so consistent and widespread that it constitutes a custom or usage of which a supervising policy maker must have been aware of.

149. Defendant City and its policymakers failed to provide adequate training or supervision to subordinates to such an extent that it is tantamount to their deliberate indifference towards the rights of those who come into contact with Defendant City's employees.

150. Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced supervision and training is obvious and therefore tantamount to a display of deliberate indifference by Defendant City and its policymakers towards the rights of individuals who come into contact with defendant City's employees.

151. Defendant City's conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

152. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

**e)** Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 29, 2019

Respectfully submitted,

 S/ Samuel C. DePaola
Samuel C. DePaola, Esq.
Bar Number: SD0622
Sim & DePaola, LLP
*Attorneys for Ms. Anderson*
4240 Bell Blvd, Suite 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
sdepaola@simdepaola.com