

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/5/2019

JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

COREY S. SHOOCK
*Senior Counsel*
phone: (212) 356-5051
cshoock@law.nyc.gov

December 5, 2019

**VIA ECF**
Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*The 2/6 conference shall proceed as scheduled.*
*[signed] Denise Cote*
*12/5/19*

Re:   Shalicia Anderson v. City of New York, et al.
      19 Civ. 7113 (DLC) (JLC)

Your Honor:

   I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York and the attorney assigned to represent Defendants City of New York, Malcolm Liu, Anwar Bashiru, and La-Ronda Knox in the above-referenced matter. Defendants write in response to the Court's inquiry for an update regarding the status of the medical releases Plaintiff was to provide Defendants in accordance with the Order of the Court dated November 27, 2019. See ECF No. 17.[1] Defendants also renew our request to the Court: (1) to grant an enlargement of time to answer or otherwise respond to the Amended Complaint from December 6, 2019 to and including January 10, 2020; (2) to compel Plaintiff to provide fully compliant medical releases by a date certain; and (3) to adjourn the Initial Conference scheduled for June 5, 2020. See ECF No. 16.

   To date, Plaintiff has not supplied Defendants with medical releases that fully conform to Local Civil Rule 83.10, Exhibit B. As Defendants represented in their application dated October 25, 2019, Defendants have attempted to utilize the non-conforming releases to obtain the requisite records, but had been "mostly unsuccessful." See ECF No. 11. In fact, as of October 25th Defendants had obtained records from only one of six of Plaintiff's medical providers using the non-conforming releases, and those records were uncertified.

   In their application dated November 25, 2019, Defendants again represented that Defendants would attempt to use the non-conforming releases to the providers to reduce

---

[1] The Court issued a related Order on October 28, 2019. See ECF No. 12.

unnecessary delays. See ECF No. 16.[2] On December 4, 2019, the undersigned received responsive records from two additional providers also using non-conforming releases.[3] Thus, Defendants are now in possession of records pursuant to four of the six releases supplied by Plaintiff. We have received neither conforming releases nor responsive records relating to the provider listed in the final two non-conforming releases for the William F. Ryan Center. On December 5, 2019, at 4:39 p.m., minutes before Defendants were going to file this letter, Plaintiff's counsel emailed Defendants two completed releases for that provider, however, neither included the two-page captioned and notarized releases annexed in LCR 83.10, Exhibit B.

Accordingly, while it is Defendants' position that although we do not possess the releases to which we are entitled pursuant to LCR 83.10, we have now obtained the records with the non-conforming releases necessary to interpose a response to the Amended Complaint. Having so recently received those additional records, however, and to accommodate the holidays and other scheduling issues, Defendants respectfully request this Court grant our previous application for an enlargement of time to respond to the Amended Complaint from December 6, 2019 to and including January 10, 2020.

In addition, Defendants also request that this Court order Plaintiff to provide fully conforming releases for all of Plaintiff's medical providers, including the two-page captioned and notarized releases annexed in LCR 83.10, Exhibit B by a date certain. Although Defendants believe we can now respond to the Amended Complaint and interpose factually plausible affirmative defenses pursuant to the law in this Circuit,[4] only the two-page captioned and notarized releases contained in LCR 83.10, Exhibit B call for the production of certified records. To date, despite this Office's requests to each provider that the medical records they produce be certified, two of the sets of records we have obtained through the non-conforming medical releases were delivered without certifications. While Defendants are hopeful mediation will be fruitful, the certifications will be important should this case proceed to discovery and trial.

Finally, as the Court is aware, on October 28, 2019, the Court scheduled an Initial Conference for June 5, 2020. See ECF No. 13. Defendants respectfully request that the Initial Conference be adjourned to provide the parties the full period of time in which to pursue settlement through mediation pursuant to LCR 83.10.

For the reasons stated herein, Defendants request that this Court: (1) grant a second enlargement of time to respond to the Amended Complaint, from December 6, 2019 to and

---

[2] Between October 25th and November 25th one additional provider produced uncertified records to Defendants pursuant to a non-conforming release.

[3] Those records were date-stamped as received by this Office on November 27, 2019.

[4] See generally GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92 (2d Cir. 2019).

including January 10, 2020, applicable to all Defendants; (2) compel full and properly completed medical releases by a date certain; and (3) adjourn the Initial Conference from June 5, 2020.[5]

Defendants thank the Court for its consideration herein.

Respectfully submitted,

Corey S. Shoock
Senior Counsel
Special Federal Litigation Division

cc: Samuel C. DePaola Esq. (by ECF)
*Attorney for Plaintiff*
Sim & DePaola, LLP
4240 Bell Boulevard, Suite 201
Bayside, New York 11361

---

[5] Additional matters raised in Defendants' November 25th application, including the issue of the service of process regarding individual defendant Albert Otero, and the question of whether the Court's October 28th Order applied to the individual defendants or to Defendant City alone are not addressed herein, but remain unresolved.