```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :   19cv7113 (DLC)
SHALICIA ANDERSON,                       :
                    Plaintiff,           :
         -v-                             :        ORDER
                                         :
CITY OF NEW YORK, individually and in    :
their official capacities, MALCOLM       :
LIU, LA-RONDA KNOX, ANWAR BASHIRU,       :
ALBERT OTERO and JOHN OR JANE DOE 1-     :
10,                                      :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

This case was filed on July 30, 2019. On August 1, plaintiff filed an amended complaint. The amended complaint alleges, inter alia, that plaintiff made a visit to the New York City Human Resources Administration ("HRA") at 4055 10th Ave, New York, NY 10034, during which she was arrested and injured in violation of 42 U.S.C. § 1983. The amended complaint names as a defendant Albert Otero, identifying him as "a security guard or peace officer assigned to the HRA, located at 4055 10th Ave, New York, New York 10034."

On September 12, plaintiff filed an affidavit of service indicating that Otero had been served on August 22, 2019. The affidavit, executed by Vladimir Kurevich, indicates that Otero was served by delivery of the summons and amended complaint to the HRA Legal Affairs Office at "4 World Trade Center, 150

Greenwich St, 38th Floor, New York, NY 10007." The affidavit specifies that Kurevich delivered the papers to Rhonda Joseph, a Subpoena Clerk. The affidavit further states that Kurevich asked Joseph "whether said premises was the defendant/respondent/recipient [sic] actual place of business" and that she answered in the affirmative.

During the initial pretrial conference held on June 5, 2020, defense counsel represented that Mr. Otero is not a New York City employee. No counsel representing Mr. Otero has appeared in the case, nor has an answer been filed on his behalf.

On June 8, plaintiff was ordered to show cause why the claims against Mr. Otero should not be dismissed. On June 19, plaintiff obtained a clerk's certificate of default as to Otero. Plaintiff then filed a letter seeking permission to file a motion for a default judgment against Mr. Otero. On June 23, plaintiff was ordered to address whether the attempt to serve Otero through the HRA Legal Affairs Office would have been effective if Otero is not an HRA employee.

On June 27, plaintiff filed a response arguing that the September 12 affidavit of service is prima facie proof of proper service. In particular, plaintiff argues that service was

proper under N.Y. C.P.L.R. § 308(2), which permits service

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by . . . mailing the summons by first class mail to the person to be served at his or her actual place of business . . . .

"Actual place of business" is defined to "include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." N.Y. C.P.L.R. § 308(6); see also Selmani v. City of New York, 954 N.Y.S.2d 580, 581-82 (N.Y. App. Div. 2012) ("A person's 'actual place of business' must be where the person is physically present with regularity, and that person must be shown to regularly transact business at that location." (citation omitted)); Moultry v. City of Poughkeepsie, 154 F. Supp. 2d 809, 812 (S.D.N.Y. 2001) (service at city hall ineffective as to police officers who had no regular business there).

According to the plaintiff, the September 12 affidavit of service is sufficient to establish that the HRA Legal Affairs Office was Otero's actual place of business, in the absence of facts indicating to the contrary. Here, the amended complaint itself alleges that Otero was assigned to the 4055 10th Ave. location, not to the 4 World Trade

3

Center location.  And defense counsel has represented that Otero was not an employee of New York City at all.  It would be premature to move forward with default judgment proceedings against Otero while substantial doubts remain about whether proper service has been made.  Accordingly, it is hereby

ORDERED that defense counsel shall by **July 7, 2020** file a declaration or affidavit as to the basis for the representation at the June 5 conference that Otero is not a New York City employee.

Dated:    New York, New York
          June 30, 2020

```
                          _____
                                 DENISE COTE
                          United States District Judge
```